UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 10cv1505-IEG (WMc) |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING PETITION FOR ENFORCEMENT OF INTERNAL REVENUE SERVICE SUMMONS |
| G.P.R.A. Corporation, | ) | |
| Respondent. | ) | |

The government has petitioned the Court for an order enforcing Internal Revenue Service ("IRS") Summons issued to Joseph Sefchovich, as President of G.P.R.A. Corporation ("Respondent"). On July 22, 2010, the Court issued an order to show cause why the IRS summons should not be judicially enforced. On July 29, 2010, the IRS served a copy of the order to show cause upon Respondent. Respondent did not file a written response.

On August 23, 2010, the hearing to show cause on the government's petition was continued until October 12, 2010 in order to allow Respondent further time to comply with the IRS Summons. Respondent did not comply with the IRS Summons and a hearing was held on the government's petition on October 12, 2010, at 10:30 a.m. The IRS was represented by Assistant United States Attorney Raven M. Norris. Respondent was represented by Daniel J. Winfree. For the reasons explained herein, the government's petition to enforce the summons is granted.

///

///

///

## BACKGROUND

On March 31, 2010, Marilyn Montgomery, a Revenue Officer employed by the IRS, issued an IRS summons to Respondent. [Declaration of Revenue Officer Marilyn Montgomery in Support of Petition ("Montgomery Decl.") ¶ 3.] The IRS is conducting an investigation regarding Respondent's ability to pay assessed employment tax liabilities. [Id. at ¶ 2.] The summons relates to the collection of employment tax liabilities assessed against Respondent for the Fourth Quarter of 2007, the Second Quarter of 2008, and the First and Fourth Quarters of 2009. [Id. at ¶¶ 2-3.] On March 21, 2010, the IRS served an copy of the summons on Respondent by personally handing an attested copy of the summons to him. [Id. at ¶ 4.]

The summons ordered Respondent to appear before the IRS on April 20, 2010 in order to give testimony and produce for examination documents and records specified in the summons. [Id. at ¶¶ 3,5.] On April 20, 2010, Respondent did not appear or otherwise provide documents and information requested by the summons. [Id. at ¶ 6.] The IRS provided Respondent another opportunity to comply with the summons and directed him to appear on May 21, 2010. [Id. at ¶ 7.] On May 21, 2010, Joseph Sefchovich appeared before the IRS but did not provide any of the summonsed information. [Id. at ¶ 8.] To date, Respondent has not provided the documents and testimony requested in the summons. [Id. at ¶ 9.] The books, records, papers, and other data sought by the summons are not already in the possession of the IRS. [Id. at ¶ 10.]

On July 20, 2010, the Government petitioned the Court to enforce the summons. On July 22, 2010, the Court ordered Respondent to appear on September 13, 2010 to show cause why he should not be compelled to comply with the IRS summons. The IRS served the order to show cause on Respondent on July 29, 2010 and filed proof of service with the Court on August 2, 2010. Respondent did not file any written opposition to the Government's petition.

On August 23, 2010, the parties agreed to continue the Order to Show Cause hearing until October 12, 2010 to allow Respondent additional time to comply with the IRS Summons. Respondent did not provide all relevant documents and testimony requested by the summons.

///

///

DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue. . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction by the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120.  Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized respondent's burden as a heavy one. Id.

The government's petition and Revenue Officer Montgomery's supporting declaration satisfies all four elements of the Powell standard. First, the IRS is conducting an investigation regarding Respondent's ability to pay assessed employment tax liabilities for the Fourth Quarter of 2007, the Second Quarter of 2008, and the First and Fourth Quarters of 2009. [Montgomery Decl., ¶¶ 2, 3.] Such investigations are expressly authorized by 26 U.S.C. § 7602(a).  The Internal Revenue Code explicitly allows the issuance of summonses for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a).  Thus, the summons was issued for a legitimate purpose.  Second, Revenue Officer Montgomery has declared in her affidavit that the information requested by the summons may be relevant to the IRS determination of Respondent's ability to pay corporate income tax liabilities assessed against him.  [Id. at ¶ 12.]  Third, the IRS does

3

not already possess the papers, records, and other data sought by the summons issued to Respondent. [Id. ¶ 10.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summons. [Id. at ¶ 11.] Thus, the Government has made *prima facie* showing that it is entitled to judicial enforcement of the summons.

## CONCLUSION

For the reasons set forth herein, the government's petition to enforce the IRS summons is GRANTED. Respondent, Joseph Sefchovich, as President of G.P.R.A. Corporation, is directed to appear before IRS Revenue Officer Marilyn Montgomery or her designee, on November 11, 2010, at 9:00 a.m., at the offices of the Internal Revenue Service located at 880 Front Street, Suite 3295, San Diego, California, and to produce the documents and give testimony as directed in the summons. The United States shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the United States, or as soon thereafter as possible. Proof of such service shall be filed with the Clerk of Court as soon as practicable.

<u>Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.</u>

**IT IS SO ORDERED**

DATED: October 12, 2010

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court